Eliseo R. ESPINOZA, Appellant,

v.

STATE of Texas, Appellee.

No. C14–81–375CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 3, 1982.

· Gene Garcia, Corpus Christi, for appellant.

Alvin Titus, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for possession of heroin in violation of the Texas Controlled Substances Act. Upon trial to a jury, appellant was found guilty and punishment was assessed at twenty years imprisonment and a $10,000 fine.

In his first point of error, appellant contends that the evidence is insufficient to sustain his conviction. We agree with appellant.

The record reflects that at about noon on January 26, 1981, Houston Police Officers McCaleb and Richardson established surveillance of apartment No. 213 at 6161 Reims, Houston, Texas. The officers maintained their watch for approximately 5–6 hours during which time they saw appellant and a young girl leave the apartment and drive away in a blue Pontiac. The surveillance was resumed at noon the following day and once again the officers observed appellant and the young girl (later identified as Lisa Arjona) leave the apartment and drive away in the blue Pontiac. The officers obtained a narcotics search warrant on January 27, based upon information provided by a confidential informant. Surveillance was resumed at about 7 a.m. on January 28. At approximately 3:30 p.m., appellant and the young girl came out of the apartment and left in the blue Pontiac. In accordance with a preplanned procedure, a marked patrol car stopped appellant and the female and brought them back to the apartment.

Once back at the apartment, an officer requested and received from appellant a key which was used to gain entry to the apartment. This key was attached to the same key ring which held the keys to the blue Pontiac. Officer McCaleb testified that while searching around the water bed headboard and chest styled drawers along each side thereof in the bedroom of the apartment, he found a letter and an envelope postmarked January 12, 1981 on which appellant's name appeared as the addressee. He found a December 23, 1980 sales receipt from Zales Jewelers made out to the appellant in a drawer alongside the waterbed. Each of these items was addressed to apartment No. 213 at 6161 Reims. Also found on the headboard were a January 13, 1981 phone bill and two light bills due January 20 and February 6, 1981 made out to Lisa Arjona at the apartment address. Also in the drawer with the sales receipt he found assorted used and unused syringes with needles attached and residue and blood drawn up into some and some razor blades, plastic baggies and vials.

Officer J.B. Ferguson, who was assisting in the search of the apartment, testified that he found in a kitchen drawer of the apartment an American Veteran Group Insurance card bearing appellant's name. He also found, in the cardboard core of a roll of paper towels on a holder next to the sink, a zip-lock plastic baggie containing a white powder substance which was later determined to be .74% heroin.

Another officer, J.W. Richardson testified that he was on surveillance with officer McCaleb on January 27th, and saw appellant leave the apartment wearing a green army jacket. Officer Richardson also assisted in the search of the apartment and discovered the bedroom closet secured with a dead bolt lock. Officer Richardson opened the closet using a key attached to the same key ring as were the keys to the blue Pontiac. The closet contained four boxes of marijuana, each box approximately "two by three feet and two feet high." The closet was permeated with the heavy smell of marijuana and upon a closet shelf were various letters and papers, some of which had appellant's name on them. Also found in the closet was a green army jacket such as the one which appellant had been seen wearing the previous day. Officer Richardson also testified that appellant's picture was found hanging on the bathroom wall.

While the officers were searching the apartment, Donald W. Peterson, who also lived in the apartment, walked in without knocking and was placed under arrest. Upon searching him, the officers found a blue bank bag containing methamphetamine.

Lisa Arjona, appellant's girlfriend, testified that she rented and lived in apartment No. 213 at 6161 Reims and that she shared the apartment rental with Peterson. She also testified that the blue Pontiac, which the officers had seen appellant driving, was owned by Peterson.

To establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, custody, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Rhyne v. State,* 620 S.W.2d 599 (Tex.Cr.App.1981); *Sinor v. State,* 612 S.W.2d 591 (Tex.Cr.App.1981); *Dubry v. State,* 582 S.W.2d 841 (Tex.Cr.App.1979). Although the possession of the contraband need not be exclusive and proof that the accused jointly possessed the contraband with another is sufficient, a finding of joint possession cannot be supported solely by mere proof that the accused was present at a place where contraband was being used or possessed. *Dubry v. State, supra; Wilkes v. State,* 572 S.W.2d 538 (Tex.Cr.App.1978). The State has the burden of bringing forth sufficient evidence to prove joint possession. In *Dubry v. State, supra,* the Texas Court of Criminal Appeals stated:

Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Waldon v. State,* supra [579 S.W.2d 499 (Tex.Cr.App.1979)]; *Wilkes v. State,* supra [572 S.W.2d 538 (Tex.Cr.App.1978)]; *Harrison v. State,* supra [555 S.W.2d 736 (Tex.Cr.App. 1977)]. This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Waldon v. State,* supra; *Harrison v. State,* supra; *Long v. State,* 532 S.W.2d 591 (Tex.Cr.App.1976).

The evidence presented by the state is insufficient to affirmatively link appellant to the heroin. The State presented strong evidence to show that appellant lived in the apartment and that he had access and use of the kitchen area in which the heroin was found. However, where an accused is not in exclusive possession of the premises where the contraband is found, it cannot be concluded that he had knowledge of the narcotic and had control of it unless there are additional independent facts and circumstances which affirmatively link the accused to the narcotics. *See Damron v. State,* 570 S.W.2d 933 (Tex.Cr.App.1978). The State presented evidence indicating that appellant was aware of the closet full of marijuana and argues that this is some evidence that appellant was aware of drugs on the premises and that he therefore presumably knew of the heroin. However, this evidence is by far too remote to provide the affirmative link necessary to place appellant in possession of the heroin. Although the presence of narcotics paraphernalia in the waterbed drawer with appellant's sales receipts tends to show knowledge of "hard" drug use on the premises, there was no chemical analysis made to show that the residue in the syringes was heroin, nor were fingerprints shown to connect appellant to the syringes. To sustain the conviction we would first have to infer that appellant knew of the presence of such paraphernalia, then infer that it was used or available for injection of heroin, and finally infer that therefore this showed appellant knew of and exercised control over the packet of heroin in another, commonly used room. The evidentiary problem presented here was well summarized in *United States v. Schorr,* 462 F.2d 953 (5th Cir.1972), in which the Federal Court of Appeals for the Fifth Circuit stated that "[i]n a circumstantial evidence case, one inference cannot be founded upon another to sustain a convic-

tion." Although we do not wish to let theoretical or impractical distinctions thwart the punishment of a properly proven possessor of such substances, no evidence was presented which showed that appellant had care custody, control or even knowledge of the heroin concealed in the kitchen.

It is well established that a conviction based on circumstantial evidence cannot be sustained unless the circumstances exclude every other reasonable hypothesis except the guilt of the accused. *Sinor v. State, supra; Dubry v. State, supra.* The evidence presented by the State does not exclude the reasonable hypothesis that the heroin was hidden in the paper towel roll by Peterson without the knowledge of appellant.

The trial court judgment is reversed and reformed to show an acquittal as to possession of heroin. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).