**Alfred Lee JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 024 CR**

Court of Appeals of Texas, Beaumont.

Oct. 30, 1985.

Rehearing Denied Nov. 7, 1985.

Gaylyn Leon Cooper, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of the offense of possession of cocaine and his punishment, enhanced by two prior felony

convictions, was assessed at life imprisonment.

Appellant's first ground of error challenges the sufficiency of the evidence to support his conviction.

The record reflects that on January 11, 1984, two Beaumont Police officers executed a search warrant by entering a residence at 3496 Pradice in Beaumont, Texas. When the officers entered, they found a female, later identified as Josie Anderson, sitting on a bed and appellant sitting in a chair at the foot of the bed. Appellant "jumped up and ran and attempted to run through the hallway." He was stopped and "patted down". The officers did not find any contraband upon his person. The officers then conducted a search of the premises and found some white powder on top of the refrigerator. This powder was covered by a cloth and a bread basket. This white powder was later determined to be cocaine. No other contraband was found in the premises. Appellant and Anderson were placed under arrest at that time.

The State contends there are:

"... circumstances which indicated that appellant and Josie Marie Jackson were in joint possession of the premises when the search involved was made and that this possession was exclusive. Not only did this girl testify that she was the common law wife of appellant, ... his wallet was found in a dresser drawer in the bedroom area.... There was evidence, of course, that appellant had rented the premises in his name at one time but had moved around some."

The State presented no evidence that appellant was a resident of the Pradice Street residence at the time of the search of the premises and appellant's arrest. Appellant did not testify but presented uncontradicted testimony that he had resided at the Pradice Street residence at a prior time but had not resided at such place for a period of approximately four to six months prior to the search and his arrest. Moreover, there was no testimony presented to the jury that appellant and Josie Anderson had ever lived together at the Pradice Street residence.

To establish unlawful possession of a controlled substance the State must prove two elements: (1) that the accused exercised care, custody, control or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Sinor v. State,* 612 S.W.2d 591 (Tex.Crim.App.1981); *Dubry v. State,* 582 S.W.2d 841 (Tex.Crim.App.1979).

Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Dubry v. State,* supra. A finding of joint possession cannot be justified solely by proof of mere presence of the accused at a place where contraband is being used or possessed. *Waldon v. State,* 579 S.W.2d 499 (Tex.Crim.App.1979); *Wilkes v. State,* 572 S.W.2d 538 (Tex.Crim.App.1978).

Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *McGoldrick v. State,* 682 S.W.2d 573 (Tex.Crim.App.1985). This affirmative link is established by showing additional facts and circumstances which indicate the accused's knowledge and control of the contraband. *Dubry v. State,* supra.

We find nothing in this record that affirmatively links appellant to the cocaine in such a manner and to such an extent that a reasonable inference may arise that he knew of the cocaine's existence and that he exercised control over it. The circumstance of appellant's attempt to run and the fact that he seemed to be nervous when questioned at the police station is not sufficient to indicate his knowledge and control of the contraband. We agree with appellant that the evidence is insufficient to support his conviction.

The judgment is reversed and the cause is reformed to show an acquittal. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).