Bladimir THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00198–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 8, 1988.

Rehearing Denied Jan. 12, 1989.

Dan B. Gerson, Bland D. Puente, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellant was indicted for the offense of intentionally and knowingly possessing less than 28 grams of cocaine. After waiving his right to trial by jury, appellant entered a plea of not guilty before the court, which then found him guilty and assessed punishment at six years confinement, probated, plus a fine of $1,000.

Only one witness, Officer Glenn Weinschreider, was called by the State. The defense did not call any witnesses. Officer Weinschreider testified that on February 22, 1987, at approximately 11:00 p.m., he stopped a vehicle driven by appellant for driving without headlights. The officer noticed that appellant kept staring straight ahead and would look down to his right and was acting nervous both before and after he was stopped, which made the officer suspicious. Additionally, Officer Weinschreider noticed appellant had reached down toward the middle of the seats, where the radio, thermostat, and ashtray were generally located. However, he did not know at the time exactly what, if anything, appellant was reaching for. Weinschreider then asked appellant for his driver's license and proof of insurance. Appellant was unable to produce any of the requested documents. At that point, appellant was asked to step out of his vehicle and place his hands on the car.

Officer Weinschreider placed appellant at the left front fender of appellant's car, with his hands on the hood. The officer then proceeded to look inside the car to see what appellant had been reaching for. Weinschreider saw a red swizzle stick, shortened to approximately three inches in length, one-eighth of an inch in diameter, and it appeared to be the type that is normally used to stir coffee. The swizzle stick was found on the vehicle's floorboard, near the brake pedal. Upon reaching inside to retrieve the swizzle stick, the officer was able to look inside the ashtray of the vehicle. The ashtray was open approximately one inch to an inch and ahalf, and was located on the floorboard directly in front of the gearshift. Immediately above the ashtray was a thermostat control and above that, a radio.

Officer Weinschreider testified that he was able to see a small brown package inside the ashtray, with little plastic bags sticking out, and a white residue inside the bags. Based upon his experience, he believed that the contents of the bags in the ashtray were cocaine.

Weinschreider called for a backup unit, and Officer Gonzales responded, whereupon a field test for cocaine was conducted on the contents of the packages found in the vehicle appellant was driving. The test was positive for cocaine.

Appellant was placed in the back of the squad car while the field test was conducted. Upon a positive indication of cocaine, appellant was patted down and placed under arrest. Approximately $1,900 in cash was found on his person as a result of the patdown. When questioned by the officer concerning these funds, appellant replied that he had worked for the money. No drugs were found on appellant's person, nor did he appear to be intoxicated or high on any kind of drugs at the time of his stop and subsequent arrest. It was also ascer-

tained that appellant was driving a rental car that was rented in the name of another person.

Appellant urges in his sole point of error that the trial court committed reversible error in finding him guilty of possession of cocaine because the evidence was insufficient to prove that he intentionally or knowingly possessed the contraband substance. We agree and reverse.

When the accused is charged with unlawful possession of a controlled substance, the State must prove both that he exercised actual care, control, custody, or management over the substance, and that he knew that what he possessed was contraband. *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Crim.App.1972).

> 'Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed.' ... *Whether the case is tried on the theory of joint or sole possession,* the evidence must affirmatively link the accused to the drug he is alleged to have possessed.

*Id.* (emphasis supplied) (citation omitted) (quoting *Brown v. State*, 481 P.2d 475, 477 (Okla.Crim.App.1971)); *see Humason v. State*, 699 S.W.2d 922 (Tex.App.—Houston [1st Dist.] 1985), *aff'd*, 728 S.W.2d 363, 365 (Tex.Crim.App.1987). Affirmative links may be proved by circumstantial evidence; however, proof amounting only to a strong suspicion or even a probability will not suffice. *Waldon v. State*, 579 S.W.2d 499, 501–02 (Tex.Crim.App.1979).

In the case at bar, the State proved that appellant was the sole occupant of the car and that the cocaine was found near him. Weinschreider testified that appellant was nervous and kept looking down, that he reached down very quickly with his right hand and then put it back up on the steering wheel. Weinschreider also said that he saw appellant reach down to the floorboard, near the front of the console by the gear shift of the car. Weinschreider further testified that he found a swizzle stick that had been shortened on the floorboard on the driver's side of the car. He testified that while swizzle sticks were usually used to stir substances such as coffee, they could be, and often were, used as drug paraphernalia to sniff cocaine. Finally, the State also proved that appellant was carrying a large amount of cash.

In reviewing sufficiency of the evidence on appeal, we follow the standard established by the United States Supreme Court: "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim.App.1984) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789, n. 12, 61 L.Ed.2d 560 (1979)).

Furtive movements or gestures alone are insufficient evidence to prove guilt. *Smith v. State*, 542 S.W.2d 420, 422 (Tex.Crim. App.1976). In the case at bar, the appellant did not speak English. It is common to be nervous when stopped by the police, and this typical reaction was not unreasonably manifested by the appellant, particularly since he did not understand the language that was being spoken to him.

Weinschreider admitted on cross-examination that appellant could have been reaching down to adjust the radio or the thermostat. Weinschreider also testified that cocaine was usually sniffed through a tube larger in diameter than the swizzle stick that was found. He also testified that the swizzle stick was not visible in the dimly lit car until after appellant was out of the car and the dome light turned on. Appellant told Weinschreider that he had worked for the $1,900 he was carrying.

In the instant case, the car was not rented in appellant's name, and there was no evidence presented as to how long appellant had operated the vehicle prior to his arrest. There was no evidence that appellant was under the influence of drugs, or had any knowledge of the nature of cocaine, or was aware of what was in the ashtray. He made no attempt to lock up, conceal, or destroy the cocaine. No contraband was found on his person or elsewhere in the vehicle. No fingerprints linked him

to the cocaine. There was no evidence that the swizzle stick that was found had actually been used to sniff cocaine. Appellant never made any attempt to escape and did not make any incriminating statements at any time during the transaction.

As the Court of Criminal Appeals observed in *Humason*, 728 S.W.2d at 366, a trier of fact *could* have rationally concluded from the evidence presented that appellant knowingly or intentionally exercised actual care, custody, control, or management over the cocaine. However, it would be just as rational for that same trier of fact to conclude that appellant was simply made nervous by his sudden encounter with the police and was completely unaware of the presence of the cocaine and swizzle stick in a car that he *could* have just borrowed from someone else. Mere presence in the vicinity of a controlled substance is not sufficient to establish knowing possession. *Id.* at 366–67.

The evidence of affirmative links between appellant and the cocaine, whether considered separately or in combination, thus fails to eliminate all other reasonable hypotheses of innocence. *Id.* "A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant." *Moore v. State*, 640 S.W.2d 300, 302 (Tex. Crim.App.1982) (citations omitted). We therefore hold that no rational trier of fact could have found appellant guilty *beyond a reasonable doubt* of intentionally or knowingly possessing the cocaine.

Appellant's sole point of error is sustained.

The judgment of conviction is reversed and reformed to show acquittal. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed. 2d 15 (1978).

EVANS, Chief Justice, ·concurring.

I concur in the holding of the majority because there was no proof showing that the vehicle belonged to or had been in appellant's possession for such period of time and under circumstances that would affirmatively link him to the contraband.

Indeed, the evidence shows that the vehicle was leased to another party. Except as noted, I think the State's proof was sufficient to establish an affirmative link between appellant and the cocaine.