**Giraldo CLASSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00274–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 4, 1992.

Discretionary Review Refused
Oct. 21, 1992.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., Ruben Perez, Asst. Dist. Atty., for appellee.

Before COHEN, SAM BASS and DUGGAN, JJ.

OPINION

COHEN, Justice.

The trial judge convicted appellant of possessing at least 400 grams of cocaine and assessed his punishment at confinement for 30 years and a $10,000 fine. Appellate contends the evidence is insufficient. We affirm.

Based on a tip from a confidential informant, the police began watching appellant's residence at 5238 Ripplebrook in Houston. For approximately 10 days, they saw activity there consistent with narcotics trafficking, i.e., many people came, stayed a short time, and left.

The police then obtained a search warrant. On July 21, 1990, they watched appellant's residence for three and one-half hours before executing the warrant and saw "more than four or five people" come there, stay for a minute or two, and leave. Except for the brief visitors, appellant was the only person in the residence during this period. During this time, appellant left and returned 45 minutes later.

As the police approached to execute the warrant, they saw appellant alone in the front living room, talking on the phone. When appellant saw them, he ran toward the back of the residence. The police entered through the unlocked front door, found appellant hiding in a closet in bedroom "two," arrested him, and told him they had a search warrant for cocaine. Appellant said he had no cocaine in the house.

When the police searched the residence, they found in bedroom "one" a loaded pistol on a dresser and 582.7 grams (approximately 1.3 pounds) of cocaine inside the boxsprings of a new mattress that had no sheets or pillows. The police seized appellant's driver's license from his wallet on his person, and seized a telegram and a sales receipt from the front living room table. Each of these documents listed the residence as appellant's address. None of these items were found in bedroom "one," where the cocaine was found. The police also found $1,966 in cash on appellant's person. The police concluded that other

people lived in the residence because they found men's and women's clothes in bedrooms "one" and "three." The State does not claim any of the clothes fit or belonged to appellant.

Appellant did not testify. He introduced into evidence a divorce decree dated April 11, 1984, that awarded the residence to a "Dignora Arroyo." The appellate record contains no other mention of this person, or whether she still owned the residence on July 21, 1990, or had any other connection to it or to the appellant. No other evidence was presented to show either the ownership or right to possess the property on July 21, 1990.

Appellant contends the evidence is insufficient to affirmatively link him to the cocaine found in the box springs inside the mattress in bedroom "one."

▉ To establish the unlawful possession of a controlled substance, the State must prove the defendant's knowledge and control of the contraband. *See Cude v. State*, 716 S.W.2d 46, 47 (Tex.Crim.App. 1986); *Ex parte Stowe*, 744 S.W.2d 615, 616 (Tex.App.—Houston [1st Dist.] 1987, no pet.). The State must affirmatively link the defendant to the contraband in such a manner that a reasonable inference arises he knew of its existence and whereabouts. *See Stowe*, 744 S.W.2d at 617. The test is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

▉ We hold the following constitutes sufficient evidence to link appellant to the cocaine: that appellant occupied the residence; that the police saw activity at the residence consistent with narcotics trafficking for approximately 10 days before executing the warrant; that during the three and one-half hours before executing the warrant, the police saw more brief visits consistent with narcotics trafficking, at a time when appellant was the only other person in the residence; that appellant was alone in the residence when the police executed the warrant; that appellant fled when he saw the police; that men's clothes were found in bedroom "one" where the contraband was seized; that a large amount of contraband was seized; and that appellant had $1,966 in cash on him when arrested shortly after the police observed narcotics activity at the residence. *See Johnson v. State*, 773 S.W.2d 721, 727 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) (evidence of flight raises an inference of guilt); *Stowe*, 744 S.W.2d at 617–18 (other factors to consider include: (1) whether the defendant was at the place searched at the time of the search; (2) whether there were other persons present at the time of the search; (3) whether the contraband was found in a closet that contained men's clothing if the defendant is male; (4) whether the amount of contraband found was large enough to indicate the defendant knew of its existence; and (5) whether there is any evidence establishing the defendant's occupancy of the premises); *see also Nickerson v. State*, 645 S.W.2d 888, 892 (Tex.App.—Dallas) (presence of a large sum of cash on the defendant's person is another factor to consider in establishing a connection between the defendant and the contraband), *aff'd*, 660 S.W.2d 825 (Tex. Crim.App.1983).

Appellant argues the evidence of men's clothes in bedroom "one" cannot be used to link him to that room. We disagree. Evidence that appellant occupied the residence and that men's clothes were found in bedroom "one" are factors that can be used to link appellant, who is a male, to bedroom "one." *See Stowe*, 744 S.W.2d at 617 (one factor to determine if a sufficient link exists between the defendant and the contraband is whether the contraband, if found in a bedroom closet, was in a closet that contained appellant's personal belongings or men's clothing if appellant is a male). Also, appellant told the police he had no cocaine in the residence. This could support an inference that appellant had access to, and knew the contents of, the entire house.

Appellant also argues the evidence shows only his presence in the residence at the time of the search, which is insufficient

to establish his control and knowledge of the contraband. He relies on the following cases: *Guzman v. Lensing*, 934 F.2d 80 (5th Cir.1991); *Young v. Guste*, 849 F.2d 970 (5th Cir.1988); *Foster v. State*, 635 S.W.2d 710 (Tex.Crim.App. [Panel Op.] 1982) (op. on reh'g); *Harrison v. State*, 555 S.W.2d 736 (Tex.Crim.App.1977); *Gutierrez v. State*, 533 S.W.2d 14 (Tex.Crim.App. 1976); *Higgins v. State*, 515 S.W.2d 268 (Tex.Crim.App.1974); *Brunson v. State*, 750 S.W.2d 277 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Joshua v. State*, 696 S.W.2d 451 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); and *Espinoza v. State*, 642 S.W.2d 202 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

Here, there is evidence that appellant occupied a premises that was used for drug sales, that he had access to bedroom "one," that he was alone in the residence at the time of the search, and that he attempted to flee upon seeing the police. These factors, either individually or in combination, distinguish this case from the foregoing cases. *See Foster*, 635 S.W.2d at 717–19 (defendant not alone in premises at time of search, and no evidence defendant occupied premises or fled); *Harrison*, 555 S.W.2d at 737–38 (defendant not alone in premises at time of search and no evidence of flight); *Gutierrez*, 533 S.W.2d at 14 (defendant not alone in premises at time of search, and no evidence defendant occupied premises or fled); *Higgins*, 515 S.W.2d at 270 (defendant not alone in premises at time of search, and no evidence defendant occupied premises or fled); *Brunson*, 750 S.W.2d at 279–80 (defendant not alone in premises at time of search, and no evidence defendant occupied premises or fled); *Joshua*, 696 S.W.2d at 454–55 (defendant not alone in premises at time of search and no evidence of flight); *Espinoza*, 642 S.W.2d at 204–05 (defendant not alone in premises at time of search and no evidence of flight); *Guzman*, 934 F.2d at 83–84 (defendant not alone in premises at time of search, premises was leased to another person who was present, and no evidence defendant fled or had access to bedroom where contraband and other people were seized); *Young*, 849 F.2d at 973–74 (defendant not alone in premises at time of search, the "permanent occupant" was present, no evidence defendant occupied premises or fled, no papers linked defendant to premises, and no evidence that house was frequented by drug users).

Appellant also relies on *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987), and *Thomas v. State*, 762 S.W.2d 721 (Tex. App.—Houston [1st Dist.] 1988, no pet.). In those cases, police found contraband in cars occupied solely by the defendants. *Humason*, 728 S.W.2d at 364; *Thomas*, 762 S.W.2d at 722. The judgments were reversed partly because the State did not prove how long the defendants had sole access to the cars. *Humason*, 728 S.W.2d at 366–67; *Thomas*, 762 S.W.2d at 723. Evidence here shows appellant had sole access to the bedrooms for at least three and one-half hours immediately preceding the arrest, while drug sales appeared to be in progress. In *Humason*, there was no evidence the defendant had ever occupied the car at any time other than when arrested. The same was true in *Thomas*, where the defendant was driving a car rented to someone else. Here, there is evidence that appellant lived in the residence. Moreover, the quantity of the contraband seized in *Humason* was miniscule and in *Thomas* was less than 28 grams. In those cases, there was no evidence of flight and none of drug selling. *Humason*, 728 S.W.2d at 366; *Thomas*, 762 S.W.2d at 722.

Appellant argues that flight cannot be used to link him to the contraband. He relies on *Flores v. State*, 756 S.W.2d 86 (Tex.App.—San Antonio 1988, pet. ref'd), *Jackson v. State*, 698 S.W.2d 764 (Tex. App.—Beaumont 1985, no pet.), and *Young*. Although flight alone is insufficient to establish guilt, it raises an inference of guilt that, when considered along with other evidence, may support a guilty verdict. *Johnson*, 773 S.W.2d at 727. We do not rely solely on the evidence of appellant's flight to sustain the conviction. Therefore, *Jackson* is distinguishable. *See Jackson*, 698 S.W.2d at 765 (circumstances of defendant's attempt to run and his nervousness were insufficient to indicate his

knowledge and control of the contraband). We consider *Young* distinguishable for reasons stated above.

In *Flores*, the police executed a search warrant at the defendant's home where he lived with his sister, her husband, and their child. *Flores*, 756 S.W.2d at 87. Flores, who had fresh needle marks on his arm, ran to the back of the house. *Id.* Police caught him in the kitchen, where they found on the floor about two feet from him a balloon containing heroin and about $400 in his pocket. *Id.* No one saw Flores throw the balloon to the ground, and no contraband was found on him. *Id.* The other occupants were elsewhere in the house the entire time. *Id.* The *Flores* court reversed the judgment because no evidence showed Flores knew heroin was in the balloon. *Id.* at 88. The court also held that defendant's flight, the fresh needle marks (which were not shown to be heroin related), and the money were not sufficient to link Flores to the heroin. *Id.*

We find *Flores* distinguishable because evidence here showed traffic at the house that was consistent with drug selling at a time when appellant was the sole occupant. *Id.* at 87.

Appellant's sole point of error is overruled.

The judgment is affirmed.