Adan Gomez Guzman v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-032-CR

     ADAN GOMEZ GUZMAN,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 204th District Court
Dallas County, Texas
Trial Court # F98-47497-Q
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Adan Guzman appeals his conviction for possession with intent to deliver (more
than 4 grams but less than 200 grams) of heroin, for which he was sentenced to 10 years in the
Texas Department of Criminal Justice - Institutional Division. The jury also found that Appellant
used a deadly weapon.
      Police executed a warrant to search an apartment on the basis of their surveillance and
informant information that Appellant had heroin in the apartment. When they entered, Appellant
was on the living room couch; two women and a child were also in the apartment. Police found
several pieces of “black tar heroin” in waste baskets of a total weight of 187.5 grams. In addition
to the heroin, a triple beam scale, three handguns, and $5,354 in cash were in the bedroom closet. 
A snapshot of Appellant pointing a handgun was also found in the apartment.
      Appellant was subsequently indicted for possession with intent to deliver heroin. A jury
convicted him of possession of more than 4 grams but less than 200 grams of heroin with intent
to deliver; and found that a deadly weapon was used in the commission of the offense.
      Appellant appeals on two issues.
      In his first issue, Appellant challenges the legal sufficiency of the evidence to support his
conviction. Specifically, Appellant contends the evidence is insufficient to prove he possessed
heroin.
      The standard of review for reviewing challenges to the legal sufficiency of the evidence is
whether after reviewing the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319 (1979). Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App.
1991). The fact finder may draw reasonable inferences and make reasonable deductions from the
evidence. Benavides v. State, 763 S.W.2d 587, 588 (Tex. App.—Corpus Christi 1998, pet. ref’d).
      To establish the unlawful possession of a controlled substance, the State must prove: 1) that
the accused exercised care, control, or management over the contraband, and 2) that the accused
knew the matter possessed was contraband. Guitar v. State, 742 S.W.2d 5, 8 (Tex. Crim. App.
1987); Porter v. State, 873 S.W.2d 729, 732 (Tex. App.—Dallas 1994, pet. ref’d). Control over
a contraband need not be exclusive, but can be jointly exercised by more than one person. Castillo
v. State, 867 S.W.2d 817, 820 (Tex. App.—Dallas 1993), vacated on other grounds, 913 S.W.2d
529, 536 (Tex. Crim. App. 1995).
      When the accused is not in exclusive control of the place where the contraband is found, the
State must show additional affirmative links between the accused and the contraband. Id. 
Affirmative links can be established by showing facts and circumstances that raise a reasonable
inference of the accused’s knowledge and control of the contraband. Brown v. State, 911 S.W.2d
744, 748 (Tex. Crim. App. 1995). Intent to deliver may be proved by circumstantial evidence,
such as the quantity of drugs possessed, the manner of packaging, and the presence of the accused
in the drug house. Castillo, p. 821.
      When determining whether sufficient affirmative links exist, a reviewing court should examine
such circumstantial factors as the amount of contraband found, its location in relation to the
accused’s personal belongings, and the proximity of the accused to the contraband. Frierson v.
State, 839 S.W.2d 841 849 (Tex. App.—Dallas 1992, pet. ref’d). Other factors to be considered
include: 1) whether the accused was at the place searched at the time of the search; 2) whether
others were present at the time of the search; 3) whether the contraband was found in a closet that
contained the accused’s clothing; 4) whether the amount of contraband found was large enough
to indicate the accused knew of its existence; and 5) whether there is evidence establishing the
accused’s occupancy of the premises. Classe v. State, 840 S.W.2d 10, 12 (Tex. App.—Houston
[1st Dist.] 1992, pet. ref’d). It is significant whether the accused owned, rented or controlled the
premises; whether the accused had convenient access to the contraband, and whether the
contraband was in plain view or in places private to the accused. Edwards v. State, 813 S.W.2d
572, 575 (Tex. App.—Dallas 1991, pet. ref’d).
      In this case, the following facts connect Appellant to the contraband. Appellant was present
during the search. Appellant resided in the apartment. The apartment lease listed Appellant as
an occupant. Police observed Appellant frequenting the apartment for several weeks before the
arrest. Mens clothing were in the bedroom closet. A significant amount of heroin (187.5 grams)
was seized. This quantity indicates that it was possessed for sale and not for personal use. A
large amount of cash, a scale commonly used to measure illegal drugs, and three handguns
commonly used by drug dealers were on the shelf above the mens clothing hanging in the closet. 
The heroin was in waste baskets - easily accessible to Appellant. A picture of Appellant
brandishing a handgun was found in the apartment.
      These facts taken together affirmatively link Appellant to the heroin and constitute sufficient
evidence to support a reasonable inference that Appellant possessed it for sale. The evidence that
Appellant’s name was on the lease and that he was present when the heroin was found is sufficient
to show that Appellant at least jointly possessed the heroin. Frierson, p. 848.
      The evidence is legally sufficient to support the conviction.
      Issue 1 and all contentions made thereunder are overruled.
      In his second issue, Appellant asserts the evidence is insufficient to support the jury’s finding
that he used or exhibited a deadly weapon, a firearm, during the commission of the offense of
unlawfully possessing heroin.
      Specifically, Appellant contends that because the guns were not within his reach when he was
arrested, that the jury was not entitled to find that he used them to commit the offense.
      A deadly weapon finding is authorized when the evidence proves that the accused used or
exhibited a deadly weapon during the commission of a felony offense. Tex. Code Crim. Proc.
art. 42.12 § 3g(a)(2). “Used” extends to any employment of a deadly weapon, even its simple
possession, if such possession facilitates the associated felony. Patterson v. State, 769 S.W.2d
938 (Tex. Crim. App. 1989).
      The State offered evidence that handguns are “tools of the trade” to drug dealers; and that
drug dealers commonly keep guns in a drug house to protect their drugs and money. The firearms
were found in the same closet shelf with $5,354 in cash and a triple beam scale.
      The heroin was worth $15,000 wholesale and $37,500 if sold to ultimate users. A picture of
Appellant brandishing a handgun was found in the apartment. Taking all of these facts into
consideration, any rational fact finder could conclude that Appellant used the handgun to facilitate
the criminal possession of heroin with intent to distributee. Gale v. State, 998 S.W.2d 221, 225-26 (Tex. Crim. App. 1999); McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000).
      Issue 2 and all contentions made thereunder are overruled.
      The judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 17, 2001
Do not publish