Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00826-CR

____________

 

CORNELUS ISSAC JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1080969

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Cornelus Issac Johnson, was charged with
possessing a controlled substance, specifically cocaine, weighing at least 400
grams, with the intent to deliver.  He was later convicted by a jury, and
punishment, enhanced by two prior felony convictions, was assessed by the trial
court at 50 years in prison.  In five issues, appellant challenges the legal
and factual sufficiency of the evidence and contends that he received
ineffective assistance of counsel.  We affirm.








I.  BACKGROUND

After being arrested in an unrelated drug case, Bradford
Lee became a confidential informant for the Texas Department of Public Safety (ADPS@).  Sergeant John
Hart of DPS testified that Lee assisted him in a number of criminal
investigations, and Lee proved to be credible and reliable.  On August 17,
2006, Sergeant Hart orchestrated a controlled drug deal between Lee and
appellant wherein Lee would purchase 18 ounces of cocaine from appellant.[1] 
Before the prearranged drug deal, Sergeant Hart searched Lee and his vehicle to
ensure that Lee was not in possession of any money, contraband, or weapons. 
The officers then fitted Lee with an audio recording device.  After
establishing audio, air, and land surveillance, the officers observed Lee
meeting appellant at the agreed location, a retail parking lot in West Houston.









After briefly speaking with Lee in the parking lot,
appellant left in his car; Lee stayed in the parking lot.  The officers
observed appellant drive to a nearby gas station and then to the home of Norman
Citizen, a known crack and cocaine distributor in Houston.  Appellant entered
Citizen=s house, and
shortly thereafter, the two men left in appellant=s car.  The
officers observed appellant and Citizen drive back to the same parking lot
where Lee was waiting.  Lee then followed appellant and Citizen to a gas
station and eventually to Citizen=s house.  The
officers testified that when the three men arrived, appellant and Citizen went
into Citizen=s house, and Lee waited outside in his car.  About
five minutes later, the officers observed appellant exiting the house and
entering Lee=s car.  Minutes later, Lee exited the car and gave the
officers the Apredetermined bust signal,@ indicating that
appellant had the 18 ounces of cocaine and was ready to make the drug
exchange.  Officers moved in, surrounded Lee=s vehicle, and
ordered appellant out of the car and to the ground.  The officers testified
that appellant initially refused to follow their commands and that they
observed appellant lowering something to the floorboard on the passenger=s side of the car.

Once appellant complied with the officers, he was
handcuffed and secured in a police unit.  The officers recovered a ziploc bag
with 18 ounces of powder cocaine on the passenger=s floorboard, the
same area where appellant had been reaching when the officers ordered him out
of the car.  The officers also found an ounce of powder cocaine in appellant=s sock and $1,800
cash in his pockets.  During the arrest, appellant attempted to escape, running
down the street and into a neighbor=s yard; he was
quickly apprehended by Trooper Davis and Sergeant Luna. 

Appellant was charged with possession of a controlled
substance, namely cocaine, weighing at least 400 grams, with the intent to
deliver.  Appellant pleaded not guilty, and the case was tried before a jury. 
Appellant was found guilty by the jury of felony possession with the intent to
deliver at least 400 grams of cocaine.  Punishment, enhanced by two prior
felony convictions, was assessed by the trial court at 50 years in prison.  

On appeal, appellant contends: (1) the evidence is legally
and factually insufficient to support the jury=s verdict on the
element of possession; (2) the evidence is legally and factually insufficient
to support the jury=s verdict on the element of intent to
deliver; and (3) he received ineffective assistance of counsel.   

II.  LEGAL AND FACTUAL SUFFICIENCY








In his first four issues, appellant challenges the legal
and factual sufficiency of the evidence.  In a legal sufficiency review, we
view all the evidence in the light most favorable to the verdict and determine
whether a trier of fact could not have found each element of the offense beyond
a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Bigon v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  The jury is
the exclusive judge of the credibility of witnesses and of the weight to be given
to their testimony.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim.
App. 2007).  Reconciliation of conflicts in the evidence is within the
exclusive province of the jury.  Margraves v. State, 34 S.W.3d 912, 919
(Tex. Crim. App. 2000).  We must resolve any inconsistencies in the testimony
in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).

In a factual sufficiency review, we review all the evidence
in a neutral light, favoring neither party.  Lancon v. State, 253 S.W.3d
699, 705 (Tex. Crim. App. 2008);  Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or (2) whether, considering the
conflicting evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Watson, 204 S.W.3d at 414‑15, 417;
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003).  In
conducting the factual sufficiency review, we must employ appropriate deference
so that we do not substitute our judgment for that of the fact-finder.  Watson,
204 S.W.3d at 414.    

For the offense possession of a controlled substance with
intent to deliver, the State must prove that the defendant: (1) exercised care,
custody, control, or management over the controlled substance; (2) intended to
deliver the controlled substance to another; and (3) knew the substance in his
possession was a controlled substance.  See Tex. Health & Safety
Code '' 481.002(38),
481.112(a), (f).

A.  Possession








In issues one and two, appellant contends that the evidence
is legally and factually insufficient to show that he possessed the seized
cocaine.  APossession@ means actual
care, custody, control, or management.  Id. ' 481.002(38).  The
element of possession may be proven by circumstantial evidence.  Moreno v.
State, 195 S.W.3d 321, 325 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).  Because appellant was not in
exclusive possession of the vehicle where most of the contraband was found, the
State must affirmatively link appellant to the contraband.  See Evans v.
State, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006).  The following
factors are evidence of affirmative links between a defendant and contraband:
(1) the defendant=s presence when a search is conducted; (2)
whether the contraband was in plain view; (3) how close and accessible the
drugs were to the defendant; (4) whether the defendant was under the influence
of narcotics when arrested; (5) the defendant=s possession of
other contraband or narcotics when arrested; (6) any incriminating statements
the defendant made when arrested; (7) whether the defendant made furtive
gestures or attempted to flee; (8) an odor of contraband; (9) the presence of
other contraband or drug paraphernalia; (10) the defendant=s ownership or
right to possess the place where the drugs were found; (11) whether the place
where the drugs were found was enclosed; (12) the defendant=s possession of a
large amount of cash; (13) the presence of a large quantity of contraband; and
(14) any conduct by the defendant indicating a consciousness of guilt.  Olivarez
v. State, 171 S.W.3d 283, 291 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  Affirmative links are established by the totality of
the circumstances.  Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).   








Here, appellant argues that because this case lacks several
of the above-listed affirmative links, the evidence is legally and factually
insufficient.  We disagree.  While the cocaine was not in plain view and the
car was not owned by appellant, the record reveals multiple affirmative links
between appellant and the cocaine.  The seized cocaine was a large quantity of
contraband, and it was found in a small semi-enclosed area in Lee=s car, evidencing
appellant=s knowledge of its existence.  See Olivarez,
171 S.W.3d at 291 (recognizing the presence of a large quantity of contraband
as a factor affirmatively linking an appellant to the contraband).  The cocaine
was found well within appellant=s reach; in fact, the cocaine was found in
the same area that the officers observed appellant reaching for when they
ordered him out of the car.  Other contraband, an ounce of powder cocaine, was
found in appellant=s sock when he was arrested.  See id.
(reasoning that the presence of other drugs is evidence of an affirmative link
between the defendant and contraband).  Officers found $1,800.00 cash in
appellant=s pockets.  See Classe v. State, 840 S.W.2d 10,
12 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d) (finding
that a large amount of cash discovered on the defendant was an affirmative link
between the defendant and contraband).  Appellant also attempted to escape
after the officers found the contraband.  See Olivarez, 171 S.W.3d at
291 (considering escape as a factor in determining affirmative link).    

Viewing the evidence in the light most favorable to the
verdict, we conclude that the factors affirmatively linking appellant to the
cocaine and the logical inferences that may reasonably be drawn from these
factors together provide legally sufficient evidence that appellant possessed
the cocaine.  We further conclude that the verdict is not so against the great
weight and preponderance of the evidence as to be manifestly unjust, and the
proof of guilt is not so weak as to undermine confidence in the jury=s determination. 
We overrule appellant=s first and second issues.

B.  Intent To Deliver

In his third and fourth issues, appellant alleges that the
evidence is legally and factually insufficient on the element of intent to
deliver.  Deliver means to transfer, actually or constructively, a controlled
substance to another.  Tex. Health & Safety Code ' 481.002(8).  
Intent to deliver a controlled substance can be proved by circumstantial
evidence, including evidence that an accused possessed the contraband.  Reed
v. State, 158 S.W.3d 44, 48 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  Factors we may consider include: (1)
the nature of the location at which the accused was arrested; (2) the quantity
of contraband in the accused=s possession; (3) the manner of packaging;
(4) the presence or lack thereof of drug paraphernalia (for either use or
sale); (5) the accused=s possession of large amounts of cash; and
(6) the accused=s status as a drug user.  Id. at
48-49; Moreno, 195 S.W.3d at 325-26.  The number of factors present is
not as important as the logical force the factors have in establishing the
elements of the offense.  Moreno, 195 S.W.3d at 326. 








Several of the factors showing intent to deliver are
present in this case.  The officers testified that based on their experience,
the amount of cocaine seized, over 500 grams, was not an amount intended for
personal use.  See Robinson v. State, 174 S.W.3d 320, 331 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d) (reasoning that the defendant=s possession of
two kilograms of cocaine indicated intent to deliver because it was in excess
of the typical amount possessed for personal use).  No drug paraphernalia for
use of the cocaine was found in appellant=s vehicle or on
his person.  See Mack v. State, 859 S.W.2d 526, 528-29 (Tex. App.CHouston [1st
Dist.] 1993, no pet.) (finding that the absence of paraphernalia supported
inference that cocaine was intended for delivery rather than consumption). 
Andrew Gardnier, a forensic scientist for DPS, testified that the seized
cocaine was of high purity.  Sergeant Hart testified that when broken down for
individual use, the street value of the seized cocaine would be worth
approximately $50,000.  See id. (holding that 8.9 grams of crack
cocaine, valued at $600, was a sufficient amount from which to infer an intent
to deliver); Pitts v. State, 731 S.W.2d 687, 691-92 (Tex. App.CHouston [1st
Dist.] 1987, pet. ref=d).  Additionally, when he was arrested,
appellant possessed $1,800 cash.  See Reed, 158 S.W.3d at 49
(considering the accused=s possession of large amounts of cash as a
factor in determining intent to deliver). 

Based on the applicable standards of review, we conclude
that the evidence is legally and factually sufficient that appellant intended
to deliver the cocaine.  We overrule appellant=s third and fourth
issues. 

III.  INEFFECTIVE ASSISTANCE OF COUNSEL








In his fifth issue, appellant contends that he was denied
effective assistance of counsel.  Specifically, appellant argues that trial
counsel (1) failed to request a continuance to secure the testimony of Lee and
(2) failed to object to various evidence regarding the search of Citizen=s house.  To prove
ineffective assistance of counsel, appellant must demonstrate that: (1) his
counsel=s performance was
deficient because it fell below an objective standard of reasonableness; and
(2) there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  See Strickland v.
Washington, 466 U.S. 668, 687-88 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005). 

There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and we will not conclude that the action was
deficient unless it was so outrageous that no competent attorney would have
engaged in such conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001), cert. denied, 537 U.S. 1195 (2003).  We look to the
totality of the representation and not to isolated instances of error or to
only a portion of the proceedings.  Thompson, 9 S.W.3d at 813.  In the
absence of evidence regarding counsel=s reasons for the
challenged conduct, the record on direct appeal is simply undeveloped and
cannot adequately reflect the alleged failings of trial counsel.  Freeman v.
State, 125 S.W.3d 505, 506-507 (Tex. Crim. App. 2003).

A.  Ineffective Assistance of Counsel B Motion for
Continuance

With respect to a request for a continuance, we have no
explanation from trial counsel as to why he did not seek a continuance to
secure the trial testimony of Lee.  Appellant neither filed a motion for new
trial nor otherwise developed a record establishing trial counsel=s motive behind
his actions. It is possible that trial counsel did not seek a continuance
because, as a confidential informant for the State, Lee=s testimony would
not have benefitted appellant.  However, we cannot speculate on counsel=s motives in the
face of a silent record.  See Thompson, 9 S.W.3d at 813-14.  In cases
where the record is silent as to trial counsel=s alleged
failures, a claim of ineffective assistance generally fails to rebut the
presumption that trial counsel=s conduct fell within the wide range of
professional norms.  Id.  We overrule appellant=s third issue.








B.  Ineffective Assistance of Counsel B Evidentiary
Objections

Appellant also argues that he received ineffective
assistance of counsel because his trial counsel failed to object to evidence
regarding the search of Citizen=s house.  Again, we have no explanation
from trial counsel as to why he did not object to the evidence of this
particular search.  It is possible that trial counsel believed that such
evidence, to the extent that it showed no connection between appellant and
Citizen=s house, was
beneficial to appellant.  However, the record provides no explanation for trial
counsel=s actions.  On
this silent record, appellant has not overcome the strong presumption that
counsel might have acted pursuant to sound trial strategy.  See id.  We
overrule appellant=s fifth issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 25, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 









[1]  Also assisting in this supervised drug deal were
Sergeants Kenneth Parks, Kevin Odom, Pete Luna, Trooper Jeff Davis, and
Corporal Matt Ochoa (collectively Athe
officers@).  The officers testified that appellant was under
constant surveillance, both by air and land, during the controlled drug buy
with Lee.