Antonio A. FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00193–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 10, 1988.

Richard E. Langlois, Kosub & Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Mark Luitjen, Mary Kay Delavan, Michael Gebhart, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

A jury found appellant, Antonio Flores, guilty of possession of heroin and the court sentenced him to 25 years' imprisonment as a habitual offender. We reverse because of the insufficiency of the evidence to support his conviction.

Flores was arrested one morning after police officers, while executing a search warrant at a house, saw him through the screen door, running from the front of the house towards the back of the house after the officers identified themselves and announced their purpose. When apprehended in the kitchen, he had something in his mouth, which he refused to spit out despite an officer's command that he do so. The officer then choked him, causing him to spit out part of a breakfast taco, which he had been eating. On the kitchen floor, which was free of other debris, police found a balloon, which was later determined to contain heroin, about two feet from Flores' feet. No contraband was found on Flores, and the police officers testified that they did not see Flores throw the balloon on the floor. Flores did, however, have fresh needle marks on his arm and $400.00 in his pocket. Although there is evidence that Flores lived in the house, Flores' sister and her husband also lived there with their child. Police discovered the child asleep in one bedroom and Flores' sister and her husband in another bedroom. Clearly, Flores was not in exclusive control of the house.

▪ Unlawful possession of a controlled substance must be established by proof that the accused exercised care, custody, control and management over the contraband and that he knew the substance he possessed was contraband. *Oaks v. State*, 642 S.W.2d 174, 176 (Tex.Crim.App. 1982) (en banc). When the accused is not in exclusive possession of the place where the substance is found, knowledge and control can be established by independent facts and circumstances which affirmatively link the accused to the contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App.1981).

▪ The State incorrectly contends that Flores has been affirmatively linked to the contraband by the following facts: (1) Flores ran towards the back of the house when the officers announced their presence; (2) the balloon was found in close

proximity to Flores on an otherwise clean floor; (3) fresh needle marks were found on Flores' arms; (4) $400.00 cash was found on Flores when he had no employment; (5) the balloon was lying in plain view on the floor; (6) proof was found that it was appellant's residence.

■ Additional facts and circumstances which have established an affirmative link include: the contraband was in plain view; there was sufficient light for a person to see what the contraband was; the contraband was conveniently accessible to the accused; the place where the contraband was found was enclosed; and the accused's action toward the contraband may show his intent to violate the law. *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App.1981). Although it is true that the balloon was lying in plain view on the floor, an affirmative link is established only when the contraband itself is in plain view. *Hernandez v. State*, 538 S.W.2d 127, 130 (Tex.Crim. App.1976). Heroin inside of a balloon is not within plain view so as to warrant its seizure by police without a warrant absent testimony that the officer knew that heroin was in the balloon or that balloons frequently are used to carry narcotics. *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); *DeLao v. State*, 550 S.W.2d 289, 291 (Tex.Crim.App. 1977); *Curren v. State*, 656 S.W.2d 124, 129 (Tex.App.—San Antonio 1983, no pet.). We see no reason to apply a different requirement to this case. There is no evidence that Flores knew heroin was in the balloon or that heroin often is kept inside of balloons. In addition, his prior conviction for delivery of heroin was not before the jury at the guilt-innocence phase of the trial. The close proximity of Flores to the balloon, alone, is insufficient to establish an affirmative link. *Hernandez v. State*, 517 S.W.2d 782, 784 (Tex.Crim.App.1975). Appellant's flight, the fresh needle marks, which were not shown to be heroin-related, and the money found in his pocket are not sufficient facts to affirmatively link Flores to the heroin. Viewing the evidence in the light most favorable to the verdict, this Court finds that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Crim.App.1984) (en banc).

The judgment of the trial court is reversed, and the case is remanded to that court with instructions to enter a judgment of acquittal.

DIAL, Justice, dissenting.

I believe that (1) finding the balloon of heroin at the appellant's feet, (2) no other person was in the room, (3) the commonly known fact that balloons are used to transport heroin, and (4) the fact the appellant had a prior conviction for delivery of heroin affirmatively link the appellant to the contraband.