**Troy H. GOODALL Appellant,**

v.

**The STATE of Texas State.**

**No. 2–88–132–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 10, 1989.

Hardy Burke and D. Keith Orsburn Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty. and Gwinda Burns, Asst. Dist. Atty., Denton, for the State.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

HILL, Justice.

Troy H. Goodall appeals his conviction by a jury of the offense of possession of a controlled substance, cocaine. The court assessed his punishment at fifteen years in the Texas Department of Corrections and a $1,000 fine. Goodall contends that the evidence is insufficient to support his conviction.

We affirm, because we find that the evidence is sufficient to support the conviction.

After Denton police officers heard what they thought were shots fired early in the morning of September 14, 1986, they went to the area of Goodall's residence and found him kneeling next to the driver's window of a car parked in front of his residence. One officer testified that when he first saw Goodall, he had part of his head and one of his arms in the car. There were a number of spent shell casings on the ground near him. Two women were sitting in the vehicle, one behind the wheel in the front seat and one in the back seat on the passenger side. One of them stated that the car was hers.

One police officer observed a satchel on the driver's side in the back seat with the butt of a gun sticking from it. When another officer started to pick up the satchel, a piece of a measuring scale fell out along with several packets of white powder later found to be cocaine. The satchel contained Goodall's checkbook and a utility bill belonging to him. There was testimony that

the satchel probably could not be reached by someone kneeling next to the driver's window, but an officer was able to reach the satchel from a standing position.

When the accused is not in exclusive possession of the place where contraband is found, it cannot be concluded that the accused had knowledge of, and control over, the contraband unless there are additional independent circumstances which affirmatively link the accused to the contraband. *Guiton v. State*, 742 S.W.2d 5, 8 (Tex.Crim.App.1987). Goodall contends that the State has failed to present evidence in this case affirmatively linking him to the cocaine in the bag. He primarily relies on the case of *Flores v. State*, 756 S.W.2d 86 (Tex.App.—San Antonio 1988, pet. ref'd). The *Flores* case is quite different on its facts. In that case, heroin was found inside a balloon where it could not be seen, on the floor near the defendant. *Id.* at 87. Flores was not in sole possession of the premises. *Id.* The court found that the evidence was insufficient to support his conviction for possession of the heroin, even though he fled when the officers arrived and he had fresh needle marks on his arm. *Id.* If we assume that such a conclusion was correct, we note that in our case the cocaine was not in a common area of the car, but was located within a satchel containing Goodall's checkbook and one of his utility bills, a satchel which the jury could have determined to belong to Goodall.

In *Guiton*, the Texas Court of Criminal Appeals reversed the defendant's conviction for possession of heroin found inside a chair cushion in a motel room rented by the defendant. *Guiton*, 742 S.W.2d at 7. In doing so, the Court stated, "Had the contraband been found in a personal item in which ownership could have been attributed to appellant, as in *Curtis v. State*, [519 S.W.2d 883 (Tex.Cr.App.1975)] supra, our decision would of course be different." *Id.* at 10. In our case, the cocaine was found in close proximity to Goodall, contained inside a satchel which appeared to belong to him.

We hold that the evidence is sufficient, because, viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See McNary v. State*, 747 S.W.2d 932 (Tex.App.—Dallas 1988, pet. granted) and *Curren v. State*, 656 S.W.2d 124 (Tex.App.—San Antonio 1983, no pet.). We also find that the evidence excludes every other reasonable hypothesis except that of the guilt of the accused. *See Guiton v. State*, 742 S.W.2d at 10. We overrule Goodall's sole point of error.

The judgment is affirmed.