PD-0191-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/17/2015 8:43:57 PM
Accepted 2/19/2015 2:02:01 PM
ABEL ACOSTA
CLERK

# No. PD-<u>0191</u>-15

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**LAWAN NAVAIL FISHER**
*Appellant*

v.

**STATE OF TEXAS**
*Appellee*

Court of Appeals of Texas, Fifth District
Case No. 05-13-01054-CR

Dallas County Criminal District Court No. 3
Cause No. F-11-56688-J

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

MATTHEW J. KITA
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

COUNSEL FOR APPELLANT

Oral Argument Requested

## Identity of Judge, Parties, and Counsel

| | |
|---|---|
| **Appellant:** | **Lawan Navail Fisher** |
| Appellate Counsel: | Matthew J. Kita<br>P.O. Box 5119<br>Dallas, Texas 75208 |
| Trial Counsel: | Willie Ingram<br>1801 North Hampton Road, Suite 430<br>DeSoto, Texas 75115-2399 |
| **Appellee:** | **State of Texas** |
| Appellate Counsel: | Marisa Elmore<br>Dallas County District Attorney's Office<br>133 North Riverfront Boulevard<br>Dallas, Texas 75207 |
| Trial Counsel: | Ryan Searcy<br>Dallas County District Attorney's Office<br>133 North Riverfront Boulevard<br>Dallas, Texas 75207 |
| **Trial Judge:** | **Hon. Gracie Lewis**<br>Criminal District Court No. 3<br>Dallas County, Texas |

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel ........................................................................i

Index of Authorities......................................................................................................iii

Statement Regarding Oral Argument .........................................................................iv

Statement of the Case...................................................................................................v

Statement of Procedural History ................................................................................vi

Questions Presented for Review.................................................................................vii

Argument ........................................................................................................................1

I.      This Court should consider when—if ever—a suspect's complaints about an arresting officer's use of excessive force can serve as an "affirmative link" to nearby contraband. ................................................................................................1

II.     This Court should conclude that the other evidence on which the court of appeals relied is outside the scope of the *Evans* factors and legally insufficient to "affirmatively link" Appellant to the contraband. ......................................5

      A.     The presence of Appellant's "personal property" in the apartment is irrelevant to the issue of whether he possessed the drugs at issue in this case.................................................................................................5

      B.     Appellant's knowledge of other individuals who buy and sell drugs does not "affirmatively link" him to the drugs at issue in this case. ....8

Conclusion and Prayer...................................................................................................9

Certificate of Compliance............................................................................................10

# Index of Authorities

## Cases

*Allen v. State*,
249 S.W.3d 680 (Tex. App.—Austin 2008, no pet.)............................................3

*Cude v. State*,
716 S.W.2d 46 (Tex. Crim. App. 1986) ........................................................7, 8

*Denbow v. State*,
837 S.W.2d 235 (Tex. App.—Dallas 1992, pet. ref'd)........................................ 8

*Evans v. State*,
202 S.W.3d 158 (Tex. Crim. App. 2006)...................................................... 1, 2, 3

*Lassaint v. State*,
79 S.W.3d 736 (Tex. App.—Corpus Christi 2002, no pet.) ............................... 4

## Rules

Tex. R. App. P. 68.4 .........................................................................................vii

## Statement Regarding Oral Argument

This petition presents a previously unaddressed question for this Court's review, namely, whether a suspect's objections to an arresting officer's acts and threats of excessive force can create an "affirmative link" between the suspect and nearby contraband. In light of the current national debate regarding acceptable police conduct, and the fact-intensive nature of the affirmative-links analysis, Appellant respectfully submits that oral argument may assist the Court in reaching its decision.

## Statement of the Case

**Nature of the Case:** Appellant Lawan Navail Fisher was indicted for possession with intent to deliver between 4 and 200 grams of cocaine,[1] a first-degree felony.[2] Appellant pleaded not guilty, waived his right to a jury trial, and was tried before the court.[3]

**Trial Court's Disposition:** Found Appellant guilty of the charged offense and sentenced him to five years confinement.[4]

**Court of Appeals' Disposition:** Affirmed the trial court's sentence; modified the judgment to reflect that Appellant did not have an agreement regarding punishment with the State.

---

[1] C.R. 12.

[2] C.R. 54, 59; 2 R.R. 6:21–25.

[3] 2 R.R. 7:10–17.

[4] C.R. 54; 2 R.R. 86:3–87:13.

## Statement of Procedural History

The court of appeals issued its opinion and judgment on December 11, 2014.

Appellant filed a motion for rehearing, which was denied on January 16, 2015.

## Questions Presented for Review

Following a tip from a confidential informant, police officers obtained and executed a search warrant for drugs in a Dallas apartment.[5] Although he did not reside there, Appellant Lawan Navail Fisher was present at the time of the search, and was one of four individuals arrested.[6] The questions presented for review are:

1. The court of appeals affirmed Appellant's conviction after concluding that he "exercised dominion and control over the apartment and its contents" because he "objected to the police entry." A review of the record reflects that Appellant was actually complaining about the officers' actual and threatened use of excessive force.[7] Should this Court's list of "affirmative links" to contraband be expanded to consider whether the suspect voiced opposition to unlawful police practices?

2. The court of appeals also affirmed Appellant's conviction after summarily concluding that "his personal property was found in the apartment" and "he admitted he was [the apartment lessee's] contact for acquiring narcotics." But this property only included diapers for Appellant's infant son (who was also present at the time of the arrest) and month-old court papers.[8] Moreover, Appellant did not admit to supplying the lessee with the drugs at issue, but merely offered to assist a detective in exchange for leniency by noting that he knew the lessee's suppliers.[9] Given that that neither factor is included in the *Evans* analysis, is this evidence legally sufficient to establish an "affirmative link" to contraband?

---

[5] C.R. 13; 2 R.R. 9:19–22; 10:1–15; 49:14–20; 3 R.R. Ex. 4.

[6] C.R. 13–15.

[7] 2 R.R. 63:8–10; 64:19–65:17.

[8] 2 R.R. 80:18–20; 3 R.R. State's Ex. 15.

[9] 3 R.R. State's Ex. 6 (DVD at 48:00).

## ARGUMENT

**I.     This Court should consider when—if ever—a suspect's complaints about an arresting officer's use of excessive force can serve as an "affirmative link" to nearby contraband.**

In its 2006 holding in *Evans v. State*, this Court concluded that "fortuitous proximity to someone else's drugs" is insufficient to establish possession beyond a reasonable doubt; instead, presence or proximity must be *combined with other evidence* for the State to obtain a conviction.[10] To assist with this determination, this Court identified fourteen "affirmative links" for lower courts to consider.[11] Although the court of appeals cited *Evans* in its opinion,[12] it relied on a factor that has not yet been considered by this Court or any of Texas's other intermediate courts of appeals, namely, whether the suspect "assert[ed] authority over the apartment by protesting the police intrusion."[13] Because the record reflects that Appellant was actually complaining about the officers' actual and threatened use of excessive force, this Court, should grant this Petition for Discretionary Review to address when—if ever—complaints about police misconduct can "affirmatively link" a suspect to nearby contraband.

---

[10] *Evans v. State*, 202 S.W.3d 158, 159 (Tex. Crim. App. 2006).

[11] *Evans*, 202 S.W.3d at 162 n.12.

[12] Slip Op., p. 5 (citing *Evans*, 202 S.W.3d at 162 n.12).

[13] Slip Op., p. 5.

Appellant concedes that the court of appeals correctly recited an excerpt of his testimony at trial, in which he admitted to stating "y'all can't do this…this is not right" to the arresting officers.[14] The opinion, however, failed to provide the context in which this statement was made, and suggested that such statements can serve as an "affirmative link" under *Evans* to the cocaine found in the apartment. As the full excerpt of Appellant's testimony reveals, he was not complaining about the officer's seizure of controlled substances, he was protesting the officers' threats of excessive force:

Q. When the officers came in, Mr. Fisher, what did you do?

A. When the flash bang went off, I kind of just, like, hit the floor. Because I thought, like, a car was, like, you know, coming through the house. So I kind of panicked and, like, hit the floor. And then, next thing you know, the police came in, was like "everybody get down, put your hands up, don't F-ing move."

Q. Don't what move?

A. Don't F-ing move.

Q. In other words, the F-bomb?

A. "I'll freaking shoot you right in your head, don't freaking move," all that crap.

Q. And, certainly, you listened to what they were saying.

A. Yes.

Q. Now, do you know what Austin and McHenry were doing at the time?

---

[14] Slip. Op., p. 3.

A.     They were just—just being quiet. You know, I was the one that was mostly doing all the talking. I was like, hey, y'all can't do this. This is not right. Um, one guy kept telling me shut the F up before he kick me in my F-ing face, you know; and it was just—it was just a lot going on, so much at the time.[15]

None of this testimony supports the Court's conclusion that Appellant "asserted authority over the apartment." To the contrary, it demonstrates that Appellant was objecting to an arresting officer kicking him in the face and threatening to shoot him in the head. Moreover, because there was *no* evidence presented at trial to suggest that Appellant resisted arrest in *any* way, Appellant's complaints regarding the officer's threats and actions appear to have been entirely warranted.

Appellant respectfully submits that his objections to an arresting officer's acts and threats of excessive force cannot be equated to incriminating statements, attempts to flee, furtive gestures, or other conduct indicating a "consciousness of guilt" under *Evans*.[16] But even if they could, as the Third Court of Appeals noted in its 2008 opinion in *Allen v. State*, "a general consciousness of guilt does not prove

---

[15] 2 R.R. 64:19–65:17.

[16] *See, e.g.*, *Allen v. State*, 249 S.W.3d 680, 702 (Tex. App.—Austin 2008, no pet.) (evidence insufficient to support a conviction for possession when defendant "did not attempt to flee, did not try to hide anything, made no furtive gestures, and made no conflicting or incriminating statements"); *Lassaint v. State*, 79 S.W.3d 736, 744 (Tex. App.—Corpus Christi 2002, no pet.) (evidence insufficient to support a conviction for possession when defendant did not make any furtive gestures or attempt to flee, did not make any incriminating statements connecting himself to the contraband but, to the contrary, repeatedly and forcefully protested his innocence and lack of knowledge of the cocaine).

an accused guilty of the specific crime with which he or she is charged."[17] Accordingly, Appellant's statements—without more—are also insufficient to create an "affirmative link" between Appellant and the contraband at issue.

A thorough review of Texas case law has not found a single case where an appellate court held that similar comments made in this context suggested an exercise of "authority" over the premises. The ourt of appeals' opinion, however, appears to add a new factor to the *Evans* analysis that would allow a suspect's complaint about excessive force to assist the State in securing a conviction. In light of recent events that have prompted heated discussions throughout the nation regarding the appropriate level of force that police officers should use when confronting a suspect, Appellant asks this Court to grant this Petition for Discretionary Review and allow the parties to brief the merits of when—if ever—such statements can serve as evidence of an "affirmative link" to contraband.

---

[17] *Allen*, 249 S.W.3d at 702.

**II.** **This Court should conclude that the other evidence on which the court of appeals relied is outside the scope of the *Evans* factors and legally insufficient to "affirmatively link" Appellant to the contraband.**

**A.** **The presence of Appellant's "personal property" in the apartment is irrelevant to the issue of whether he possessed the drugs at issue in this case.**

The court of appeals' opinion expands the scope of the "affirmative links" referenced in *Evans* to activity that is wholly unrelated to possession of a controlled substance. For example, although it noted that, "Appellant's personal property was found in the apartment," this is not included among the *Evans* factors, and the only "personal property" identified in the opinion that were linked to Appellant are "some diapers and things of that sort" and "court papers with [Appellant's] name on them."[18] With regard to the diapers, it is undisputed that Appellant's infant stepson was with Appellant in the apartment at the time of his arrest,[19] and there was no evidence in the record to suggest that the *number* of diapers indicated that Appellant and the infant resided in the apartment that day, nor is there any connection between the diapers to the cocaine or drug paraphernalia found within. And with regard to the "court papers," these documents merely suggest that

---

[18] Slip Op., p. 4.

[19] Slip Op., p. 4; 2 R.R. 80:18–20.

Appellant used the apartment as his address a month earlier;[20] they offer no guidance as to his place of residence on the day of the arrest.

Other than the diapers and the court papers, the State did not offer any evidence of any "personal possessions" that would suggest that Appellant was residing at the apartment on the day of the arrest—for example—clothing, bedding, or other identifiable possessions that belonged to Appellant. Although it is undisputed that three other men were arrested along with Appellant, the State did not call any of them to impeach Appellant testimony that he only stayed on the couch in the apartment "sometimes,"[21] nor Appellant's testimony that he had no role in the sale of the cocaine at issue.

The facts of this case, therefore, are properly analogized to this Court's 1986 opinion in *Cude v. State*.[22] There, as here, a suspect was charged and convicted of unlawful possession of a controlled substance that was found in an apartment leased by a third party. After reviewing the record, this Court concluded as follows:

> The record clearly shows that someone other than the appellant leased the premises that were searched. The evidence shows that the controlled substance in question was not found on the person of the appellant. There is no evidence that any clothing or other property

---

[20] 3 R.R. State's Ex. 15.

[21] 2 R.R. 78:23–79:1, 14–15; 3 R.R. State's Ex. 6 (DVD) at 36:00, 47:50.

[22] *Cude v. State*, 716 S.W.2d 46, 48 (Tex. Crim. App. 1986).

indicating that appellant lived at the residence was found there. The testimony of the police officer is pure speculation and creates no more than a suspicion that appellant could have been in joint or exclusive possession of the premises. There has been no showing of an affirmative link between appellant and the controlled substance. The evidence is clear and conclusive that the appellant was only a visiting guest.[23]

Given the similarities between *Cude* and the facts of this case, Appellant respectfully submits that the same result should follow here.

Finally, as the Fifth Court of Appeals held in its 1992 opinion in *Denbow v. State*, "a strong suspicion or mere probability" that a defendant exercised care, control, or management over a controlled substance is insufficient to support a conviction.[24] Accordingly, even assuming—without conceding—that it is proper to add "the presence of personal property on the premises" to the *Evans* factors, the existence of diapers for a present infant and month-old court documents do not even raise a "strong" suspicion about whether Appellant had a "right to possess" the apartment on the day of his arrest, and is therefore insufficient to create an "affirmative link" between Appellant and the cocaine at issue.

---

[23] *Cude*, 716 S.W.2d at 48.

[24] *Denbow v. State*, 837 S.W.2d 235, 238 (Tex. App.—Dallas 1992, pet. ref'd).

**B.** **Appellant's knowledge of other individuals who buy and sell drugs does not "affirmatively link" him to the drugs at issue in this case.**

It is undisputed that, in an unsuccessful attempt to broker a deal with the State following his arrest, Appellant told a detective that he "know[s] some people in West Dallas who are into a lot of stuff" and that if the apartment lesseee "need[s] something then [he] calls me, because I know people."[25] The Court, however, cited this statement as support for its holding that Appellant was in constructive possession of the cocaine at issue in this case.[26] But Appellant did *not* admit that he acquired the cocaine at issue, or that he *ever* had a right to possess it, and the State offered no evidence that would allow it to make such a logical leap.

Once again, the opinion below tacitly adds a new factor to the *Evans* analysis, and suggests that mere knowledge of persons involved in the drug trade, or participation in other, unrelated, drug transactions can create an "affirmative link" between a suspect and the *particular* drugs found in someone else's place of residence on a *particular* occasion. Notably, neither the State nor the court below cited any authority to suggest that such evidence—without more—has ever been considered for this purpose. In the absence of same, Appellant respectfully submits

---

[25] 3 R.R. State's Ex. 6 (DVD at 48:00).

[26] Slip Op., p. 4.

that these post-arrest statements are irrelevant to the issue of whether he had a right to possess the cocaine that was found in the apartment, and are also insufficient to create an "affirmative link" to the contraband.

## Conclusion and Prayer

Before the court of appeals issued its opinion in this case, the question of whether a suspect's complaints about an arresting officer's use of excessive force can be used as an "affirmative link" to nearby contraband was unanswered in Texas law. Because such evidence was not discussed by this Court in *Evans*, and in light of the current national debate regarding acceptable police conduct, Appellant respectfully requests this Court to grant this petition for discretionary review, and allow the parties to brief the merits of this issue, and grant him all other relief to which he is justly entitled.

Respectfully submitted,

s/ Matthew J. Kita
Matthew J. Kita
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

Counsel for Appellant

## CERTIFICATE OF COMPLIANCE

This petition complies with Texas Rule of Appellate Procedure 9.4(i) because it contains 2,012 words (excluding the parts of the brief exempted by this rule).

Signed this 17th day of February, 2015.

s/ Matthew J. Kita
MATTHEW J. KITA

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this brief was served on the following counsel via ProDoc in accordance with Texas Rule of Appellate Procedure 9.5 and this Court's Local Rules on February 17, 2015.

*Counsel for Appellee:*

Marisa Elmore
Dallas County District Attorney's Office
133 North Riverfront Boulevard
Dallas, Texas 75207

s/ Matthew J. Kita
MATTHEW J. KITA



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01054-CR

### LAWAN NAVAIL FISHER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F11-56688-J**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices O'Neill and Campbell[1]
Opinion by Justice Campbell

Lawan Navail Fisher was charged with possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. Appellant waived his right to a jury and was tried before the trial court upon his plea of not guilty. The trial court found him guilty as charged and it assessed punishment at five years' imprisonment. In his sole issue on appeal, appellant contends the evidence adduced at trial is legally insufficient to support his conviction. Finding no reversible error, we overrule the issue, modify the judgment, and affirm.

The Fourteenth Amendment provides that no person may be deprived of liberty without due process of law. U.S. CONST. amend XIV, § 1. Given that guarantee, no criminal defendant may be convicted of an offense and denied his liberty except upon proof beyond a reasonable

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

doubt. *In re Winship*, 397 U.S. 358, 364 (1970). In assessing the legal sufficiency of the evidence, we consider all the record evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational trier of fact could have found the defendant guilty of all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In that analysis, we take the elements of the offense as they are defined by the hypothetically correct jury charge for the case. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). Such a charge is one that, among other things, accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.3d 234, 240 (Tex. Crim. App. 1997).

The trier of fact is the sole judge of the weight and credibility of the evidence. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). As an appellate court, we act only as a "final, due process safeguard" ensuring that the evidence is at least minimally sufficient to reasonably support a finding of guilt beyond a reasonable doubt. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992).

"A person commits an offense if the person knowingly . . . possesses with intent to deliver a controlled substance in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.102 (3)(D) (listing cocaine as a controlled substance in Penalty Group 1). Possession means "actual care, custody, control, or management." TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2014). In addition to possession, the State must prove that the defendant actually knew the substance was contraband. *Dubry v. State*, 582 S.W.2d 841, 843 (Tex. Crim. App. 1979).

Appellant contends the evidence did not prove either (a) that he possessed the cocaine or (b) that he knew the substance was cocaine. Appellant contends the evidence establishes only that he was present in the apartment in close proximity to the cocaine. The State responds that the evidence is legally sufficient to support appellant's conviction because the evidence affirmatively links him to the cocaine. The question before us is, given the evidence at trial, could a rational trier of fact have found beyond a reasonable doubt (a) that appellant knowingly exercised care, custody, control, or management over the cocaine, and (b) that he knew it was contraband? *See Evans v. State*, 202 S.W.3d 158, 161–62 n. 9 (Tex. Crim. Appl. 2006) (in drug possession case, legal issue is whether there was evidence at trial of circumstances beyond defendant's mere presence at scene that would adequately justify conclusion that he knowingly possessed drug and knew it was contraband).

Three witnesses testified at the guilt stage of appellant's trial: Dallas police narcotics detectives D. Heter and S. Meyers and appellant himself. The testimony, viewed in the light most favorable to the judgment, shows Heter "received a complaint of narcotics sales" occurring at 4564 West Kiest Boulevard, apartment 1063, in Dallas County. After using a confidential informant to make a controlled cocaine purchase at the apartment in question, Heter obtained a search warrant for the apartment. When police officers forcibly entered the apartment and executed the search warrant, the officers found appellant, three other adult men, and appellant's infant stepson inside the sparsely furnished apartment. Appellant, who was sitting on a couch in the living room, objected to the police entry, telling the officers, "y'all can't do this. This is not right." The other men remained mostly quiet. A bag of pills[2] and one or more bags of cocaine were in plain view of the couch, close to where appellant was sitting. In various locations in the apartment's kitchen and bedrooms, the police found: two or more digital scales; razor blades; a

---

[2] There was no evidence adduced regarding the nature of the pills.

semi-automatic handgun; quantities of heroin, marijuana, and MDMA;[3] counterfeit one-dollar bills; plastic bags; "court papers" with appellant's name on them; and "some diapers and things of that sort." The court papers were found on a top shelf in a rear bedroom closet. One of the papers, a bond receipt, lists appellant's address as "4765 Kiest Blvd 1063." All four men present were arrested.

Later that afternoon, police transported appellant to a police station where he gave a videotaped statement to Heter and Meyers. Appellant told the detectives that he "stayed [at the apartment] several nights a week," he knew that marijuana, pills, and cocaine were dealt out of the apartment, and he had the contacts to get the narcotics that were sold from the apartment. The evidence also showed the apartment was leased to one of the arrested men—Armand Austin. In his trial testimony, appellant denied dealing drugs and contended Austin was the person dealing from the apartment. Appellant testified he never saw any of the drugs or drug paraphernalia in the apartment and the cocaine photographed on the sofa where he was sitting had been moved by the police. Appellant testified his court papers were there because his brother, also arrested in the apartment, had borrowed his suitcase and the papers were in the suitcase. Appellant testified he only knew Austin had marijuana in the apartment. Appellant testified he had gone over to the apartment to play videogames and to ask Austin for a loan. Finally, the testimony established that in 2008, appellant had been convicted of possessing a small quantity of cocaine.

From the aforementioned basic facts, a rational trier of fact could have inferred, at the very least, the following: that appellant, perhaps along with others, exercised dominion and control over the apartment and its contents; that he was familiar with the appearance of cocaine; and that, at the time in question, he was aware of the cocaine on the couch beside him and was

---

[3] MDMA is methamphetamine and a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.103(A)(1) (West Supp. 2014).

aware that it was contraband. Appellant was present at the time police officers discovered the cocaine, the cocaine was in plain view near him, other drug paraphernalia was present, appellant's personal property was found in the apartment, he asserted authority over the apartment by protesting the police intrusion, he admitted he was Austin's contact for acquiring narcotics, and he admitted he slept in the apartment several times a week. *See id*. at 162 n. 12 (summarizing a non-exclusive list of factors that may affirmatively link a defendant to contraband). We conclude, given the evidence adduced at trial, a rational trier of fact could have found beyond a reasonable doubt that appellant knowingly exercised care, custody, control, or management over the cocaine in question and he knew it was contraband. *See id*. at 163. We overrule appellant's issue.

We note the trial court's judgment reflects there was a plea bargain agreement as to punishment. The record reflects that there was no agreement as to punishment. Accordingly, we modify the section of the trial court's judgment entitled "Terms of Plea Bargain" to state "none." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We affirm the judgment of the trial court as modified.


/Charles F. Campbell/
CHARLES F. CAMPBELL
JUSTICE, ASSIGNED


Do Not Publish
TEX. R. APP. P. 47

131054F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LAWAN NAVAIL FISHER, Appellant

No. 05-13-01054-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F11-56688-J.
Opinion delivered by Justice Campbell.
Chief Justice Wright and Justice O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We modify the section of the trial court's judgment entitled "Terms of Plea Bargain" to state "none."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 11th day of December, 2014.

**Order entered January 16, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01054-CR

**LAWAN NAVAIL FISHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F11-56688-J**

## ORDER

Before Chief Justice Wright and Justices Myers and Brown

Appellant's motion for rehearing is **DENIED**.

/s/    CAROLYN WRIGHT
CHIEF JUSTICE
